STATE OF MAINE                          SUPERIOR COURT
ANDROSCOGGIN, ss.                       DOCKET NO. CV-15-127

HSBC MORTGAGE SERVICES,        )
INC.                           )
                               )
            Plaintiff,         )          ORDER ON PLAINTIFF'S
                               )          MOTION FOR DEFAULT
      v.                       )          JUDGMENT
                               )
CORINTHIAN MORTGAGE            )
CORPORATION D/B/A              )     RECEIVED & FILED
SOUTHBANC MORTGAGE, DEAN )
L. BUNDY AND JESSICA W.        )        SEP 2 8 2016
BUNDY                          )
                               )        ANDROSCOGGIN
            Defendants.        )        SUPERIOR COURT

Plaintiff HSBC Mortgage Services, Inc. ("HSBC"), moves for default judgment against defendants Corinthian Mortgage Corporation d/b/a SouthBanc Mortgage ("Corinthian"), Dean L. Bundy and Jessica W. Bundy related to alleged transfers in interest, ownership, and enforcement rights on a note and mortgage. The court has reviewed the parties' filings, and based on the following, Plaintiff HSBC's motion is denied.

I. Factual and Procedural Background

On August 8, 2005, Dean L. Bundy executed a promissory note in the amount of $165,000 to Corinthian. (Pl.'s Compl. ¶ 6, Ex. A.) On the same date, Dean L. Bundy and Jessica W. Bundy signed a mortgage on property in Lisbon, Maine to secure the note. (Id. ¶ 7, Ex. B.) The mortgage listed Corinthian as the lender of the $165,000 and Mortgage Electronic Registration Systems, Inc. (MERS) as the nominee for the lender and the lender's successors and assigns. (Id.) HSBC asserts that on July 1, 2015, MERS assigned the August 8, 2005 mortgage from Corinthian to HSBC. (Id. ¶ 8, Ex. C.)

On August 3, 2015, HSBC filed a complaint for declaratory judgment pursuant to 14 M.R.S.A. § 5951 *et seq.* that it is the owner of all rights in the note and mortgage, that HSBC is the mortgagee within the meaning of 14 M.R.S.A. § 6321, and that HSBC has standing to enforce the note through foreclosure for any breach of the obligations under the note. (*Id.* ¶ 18(A).) HSBC asserts that those who have a claim or any interest that would be affected by the declaration were made parties to the action. (*Id.* ¶ 17.) Corinthian was served a summons and complaint on August 17, 2015 care of Gerald McElmore as agent for Corinthian, (Pl.'s Mot. Default J. ¶ 1), and both Dean L. Bundy and Jessica W. Bundy were served on August 17, 2015.

On September 23, 2015, the court received a letter from Dean L. Bundy, which purported to state his opposition to HSBC's motion for declaratory judgment. Defendant Dean L. Bundy's opposition letter was untimely, as it was received 37 days after service of the summons and complaint and not within the required 20-day time period. M.R. Civ. P. 12(a).

On January 19, 2016, HSBC filed a motion for default judgment. Corinthian, Dean L. Bundy and Jessica W. Bundy failed to file an opposition to the motion within the required 21-day time period, M.R. Civ. P. 7(b)(1)(A). (Pl.'s Mot. Default J. ¶ 2.) HSBC asserts that the purpose of the relief sought is to establish its ability to enforce the mortgage through foreclosure. (*Id.* ¶ 4.)

II. Discussion

The Maine Supreme Court has set forth eight elements of proof that are necessary to support a judgment of foreclosure. *See Bank of Am., N.A. v. Greenleaf,* 2014 ME 89, ¶ 18, 96 A.3d 700. The default judgment sought here addresses the second element, which is that a party must properly present proof of ownership of the

mortgage and note, including all assignments and endorsements of the note and the mortgage. *Id.*

However, as a threshold issue, courts can only decide cases where there is a real and substantial, justiciable controversy. *Homeward Residential, Inc. v. Gregor,* 2015 ME 108, ¶ 16, 122 A.3d 947. Maine's Declaratory Judgments Act empowers the court to declare rights, status and other legal relations when doing so will terminate the controversy or remove an uncertainty. 14 M.R.S. §§ 5953, 5957. Here, there is only tenuous evidence that any actual controversy exists among the litigants. None of the Defendants has answered or otherwise appeared in this action. (Pl.'s Mot. Default J. ¶ 2). Plaintiff HSBC alleges that Corinthian is unwilling or unable to execute a recordable instrument confirming its intent that MERS had the authority to transfer the full interest in the mortgage, (*Id.* ¶ 5), and that Corinthian is now a dissolved corporation that continues in existence for purposes of winding up its affairs, (Pl.'s Compl. ¶ 10). These assertions, however, are not supported by reference to any documentation that has been submitted to the court. Accordingly, the court may refuse to render or enter a declaratory judgment. *See Fannie Mae v. America's Wholesale Lender,* No. RE-15-068, 2016 Me. Super. LEXIS 37, at *4-5 (Mar. 1, 2016.)

Even if HSBC satisfies its burden to show there is a justiciable controversy, when declaratory relief is sought, all persons who have or claim any interest that would be affected by the declaration must be made parties to the action. *Id.* at *2; *See Bank of Am., N.A. v. Metro Mortg. Co.,* No. RE-14-355, 2015 Me. Super. LEXIS 14, at *3 (Jan. 29, 2015.) In this case, MERS, who HSBC alleges transferred their interest in the mortgage, (Pl.'s Compl. ¶ 8), has not been named as a party. Were the court to grant the requested default judgment, uncertainty as to ownership of the mortgage remains outstanding. *Fannie Mae,* 2016 Me. Super. LEXIS 37, at *3.

Lastly, in matters involving mortgage foreclosure, procedural rules must be followed, and the court is authorized to conduct a hearing if it deems it necessary and proper to hear evidence as to the truth of any averment. *Id.* Here, the court has no evidence, other than the statement made by HSBC itself, that Corinthian is unwilling or unable to confirm its intent to give MERS the authority to transfer the mortgage's interest. (Pl.'s Mot. Default J. ¶ 5.) Therefore, at present the court has insufficient evidence to say that this case contains a substantial, justiciable controversy that would empower the court to declare HSBC's rights.

III. Conclusion

Plaintiff HSBC's motion for default judgment is denied.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: 9/28/16

MaryGay Kennedy
Justice, Superior Court